THE JACKSONVILLE GAS-LIGHT AND COKE CO.

v.

THOMAS BARBER.

VERDICT CONTRARY TO EVIDENCE.—As the evidence discloses that the
tar in question, supposed by appellee to come from appellant's works, did
not come from there, since none was allowed to escape, the verdict is con-
trary to the evidence.

Jacksonville Gas-Light and Coke Co. v. Barber.

Appeal from the Circuit Court of Morgan county; the Hon. C. Epler, Judge, presiding. Opinion filed January 16, 1885.

Mr. John A. Bellatti, for appellant.

Messrs. Morrison & Whitlock and Mr. E. G. Wilson, for appellee.

McCulloch, J. It is very evident from the whole record in this case that appellee recovered damages for injury done to a larger piece of ground than that described in his declaration. The allegation in the declaration is, in substance, that appellee was in possession of lot seven in Hocking and Wilson's addition to Jacksonville. Assuming that the deeds offered in evidence described lots in the same addition, then the proof of title and possession was co-extensive with lots seven and eight which were both embraced within appellee's pasture. It was upon the whole of this pasture that the alleged injury was done. Had this specific objection been pointed out and properly presented to the court below, it would have been a valid one unless appellee should have amended his declaration.

The suit was brought to recover damages resulting to appellee from the pollution of a stream running through his land, by the throwing of impure water and refuse from appellant's works, which, when carried down in time of high water, destroyed his grass and rendered his premises unfit for the purposes of pasturage.

Appellant's works were erected more than twenty years ago. They are not, of themselves, an obstruction to or nuisance in the stream. It was only the throwing of the refuse matter into the stream by appellant that constituted the cause of action. For injuries thereby caused, within the period of five years next preceding the beginning of the suit, the action is not barred by the Statute of Limitations. Had the works themselves constituted the nuisance, the action would have been barred as to the injury caused by their

Jacksonville Gas-Light and Coke Co. v. Barber.

erection, but for a continuation of the same within the five years the suit might have been maintained under a proper declaration. But this suit is not for the erection of the works nor for their continuance, but for the acts of defendant in throwing impure water and refuse from the works into the bed of the stream. The substance that is alleged to have caused the injury was coal tar or something very similar to it.

The proof is uncontradicted that appellant has not for many years permitted any such substance to escape from its works, but that it has been preserved and sold as an article of commerce. It is true that some volatile oils have escaped, but these were of such a nature as to float upon the surface and not sink. It was a sediment that covered the grass and prevented its growing that caused the injury to appellee's pasture.

It is satisfactorily proved by the evidence that the surface drainage of a considerable portion of the city goes into this brook; that a great deal of filth from houses and barns is carried down by it; that a soap factory and an establishment for distilling coal tar for pitch are located above appellant's works, the latter of which discharges into the stream sixty-five per cent. of all the tar used, and that the sewerage from the jail is discharged into it just below appellant's works and above the land of appellee.

These things are sufficient to account for the injury to appellee's land in the manner he has described it. We fail to see from the evidence anything but a supposition of appellee, unsupported by any actual observation, that the tar in question came from appellant's works. On the contrary, the evidence is very clear that it could not have come from there for the very good reason that none was allowed to escape.

We are therefore obliged to say that the verdict is contrary to the evidence, and the court below erred in overruling the motion for a new trial.

Reversed and remanded.